## PAUL *v.* SILVER.

In an action of forcible entry and detainer, the complaint described the premises as "about ten rods square, situated within and comprising the north-westerly corner of that certain piece or parcel of land, bounded and described as follows, to wit:" (the complaint then goes on to give the metes and bounds of a tract containing one hundred and forty-six acres). "The said ten rods square being situated from twenty to fifty feet, more or less, south-easterly from the house of defendant, and near the gate aforesaid, and near the junction of the San Bruno turnpike road, with the road leading from the city of San Francisco to Hunter's Point." Said gate was where this last road passed through. The proof, among other things, showed this ten rods to be called the north-easterly instead of the north-westerly corner of the tract. The judgment for plaintiff followed the description in the complaint. Defendant appeals: *Held,* that the variance in the description of the premises did not prejudice appellant; that the question was one of identity, and the fact that the corner of the small tract was called the north-easterly instead of the north-westerly corner, was itself insufficient to defeat the action, if the other and more definite marks of description sufficiently indicated and identified the premises.

6

Paul *v.* Silver.

This Court will not set aside the findings of the Court below on conflicting proofs, especially in regard to the value of rents, or damage to property, both being of uncertain ascertainment.

Where, in an action of forcible entry and detainer, the judgment is for the possession of the premises, and ninety-four dollars, treble damages, besides costs, —the title not being involved—*query,* whether the Supreme Court has jurisdiction of an appeal from the County Court.

APPEAL from the County Court of San Francisco.

Forcible entry and detainer, tried before the Court without a jury.

The complaint avers: "That heretofore, to wit, on or about the sixteenth day of March, A. D. 1859, and for a long time prior thereto, the said plaintiff was in the lawful, actual, peaceable and quiet possession of the following described premises, situated in the city and county of San Francisco, to wit: about ten rods square, situated within and comprising the north-westerly corner of that certain piece or parcel of land bounded and described as follows, to wit:" (the complaint then goes on to describe a tract of land containing one hundred and forty-six acres). "The said ten rods square being situated from twenty to fifty feet, more or less, south-easterly from the house of defendant, and near the gate aforesaid, and near the junction of the San Bruno turnpike road with the road leading from the city of San Francisco to Hunter's Point." Defendant is charged with committing forcible entry and unlawful detainer of said ten rods square.

In the description by metes and bounds a gate is mentioned, through which the Hunter's Point road passes. The gate is at the junction of the two roads.

It was shown on the trial, that the ten rods square was called the north-easterly, and not the north-westerly corner of the one hundred and forty-six acre tract, and the corner on which the *locus in quo* is situated is the corner next to defendant's house and the corner where the trespasses were committed. Between the two corners runs the San Bruno turnpike road. Aside from the variance as to corners, the evidence as to the *locus* maintained the averments in the complaint.

Plaintiff had judgment below for the possession of the premises as described in the complaint, and for ninety-four dollars treble damages, besides costs. Defendant appeals.

*Joseph A. Nunes,* for Appellant, as to the question of variance, cited 1 Greenlf. Ev. secs. 56, 58, 62, 64; *Swallow* v. *Beaumont,* 2 Barn. &

Paul *v.* Silver.

Ald.; 4 Eng. C. L. 765; *Walters* v. *Mace*, 18 Id. 507; *Robertson* v. *Lynch*, 18 Johns. 451; *Lower* v. *Winters*, 7 Cow. 263; 3 Wend. 374; *Allen* v. *Goff*, 13 Vt. 149; *Gates* v. *Bowker*, 18 Id. 23; *Hough* v. *Young*, 1 Ham. (Ohio) 504; *Murphy* v. *Lucas*, 2 Ham. 255; 1 Har. & Gill, 172; 1 Strobh. 56; 9 Cal. 46; 11 Id. 167.

*Alfred Rix and E. D. Sawyer*, for Respondent.

1. The allegation in the complaint as to the particular corner can be rejected as immaterial, and hence the proof on the point is also immaterial. (1 Greenlf. Ev. sec. 63; *Medley* v. *Williams*, 7 Gill & Johns. 61; Pr. Act, sec. 579.) The evidence identifies the " ten rods square " described in the complaint, with the land as to which the entry and detainer were proven.

2. The description of premises in this action need not be alleged and proven with the same accuracy as in many other classes of cases. (*Hernandez* v. *Simon*, 4 Cal. 182; *Dean* v. *Commonwealth*, 3 Serg. & R. 418; *Pullen* v. *Bonez*, 1 South, 125; *Allen* v. *Rand*, 468; 3 Litt. 296; 3 A. K. Marsh. 164; *Mead* v. *Daniel*, 2 Port. 86; 9 Barr, 184; 1 Har. & McHen. 355; *Redding* v. *McCubbin*, Id.) Besides, metes and bounds must prevail over courses and distances. (*Ferris* v. *Coover*, 10 Cal. 628–9.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

1. The only question in this case—which was forcible entry—is as to a variance in the description of the premises. But we do not think the facts would warrant us in holding that the Court erred in this respect to the prejudice of the appellant, especially as it is difficult to see how he is to be injured by a judgment dispossessing him of land he never occupied or claimed. The question was a question of identity, and the mere fact that the corner of the small tract was called the *north-easterly* instead of the north-westwardly corner, is itself insufficient to defeat the plaintiff's action, if the other and more definite marks of description sufficiently indicated and identified the premises trespassed upon.

2. There is nothing in the second point. We cannot set aside the finding upon conflicting proofs, especially in regard to the matter of the value of rents or as to damage to property, which are of uncertain ascertainment.

The judgment is for some ninety dollars, and the title is not involved.

Whether this Court has jurisdiction of this appeal has not been argued. We only notice the point to leave it open, if the question should arise. Judgment affirmed.